

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN HOWARD MORRIS, | NO. C 04-01769 JW |
| Petitioner(s), | **ORDER OF DISMISSAL** |
| v. | |
| WARDEN MCGRATH, | |
| Respondent(s). | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner is challenging "custody points."

## BACKGROUND

A judicial decision from Del Norte County is attached to the writ of habeas corpus and indicates that Petitioner was convicted for murder in Sonoma County in 1982. Petitioner alleges that his custody points were calculated in 1989; that in 1999, his custody points were raised without conducting a hearing; that in the same year, he noticed that his custody points were in error and therefore requested a correction; and that Respondent failed to make the correction due to "time constraints." He believes that Respondent's conduct constitutes a violation of the due process

Order of Dismissal
P:\PRO-SE\SJ.Jw\HC.04\morris1769dismissal.wpd

1  clause.  He filed the instant federal habeas corpus petition May 5, 2004.

## DISCUSSION

Custody point calculations determine where an inmate is incarcerated.  As such, Petitioner's challenge to his custody point calculation is a challenge to a condition of confinement.  The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996).  However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).  The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the Court dismisses this habeas action because Petitioner's claim does not challenge the legality of his conviction or sentence.  Instead, Petitioner alleges that his custody points have been miscalculated and that he was deprived of a hearing.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED without prejudice to filing a new action under a civil rights complaint pursuant to 42 U.S.C. §1983 on the enclosed form.  However, Petitioner is advised that the writ of habeas corpus filed in this action does not contain enough information for the Court to determine whether there Petitioner might have a meritorious  civil rights claim. Therefore, if Petitioner chooses to file a new case, Petitioner's new civil rights complaint must set forth more information.  In addition, if Petitioner chooses to file a new case, he shall

Order of Dismissal
P:\PRO-SE\SJ.Jw\HC.04\morris1769dismissal.wpd

2

1 include supporting documentation of his prison appeal with his new complaint because the instant
2 case will be closed.   The Clerk shall close the file.
3 Dated: April 24__, 2006

_____
JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Jw\HC.04\morris1769dismissal.wpd

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John H Morris
Mule Creek State Prison
P. O. Box 409000
Ione, Ca 95640


**Dated: April _25_, 2006**                                                **Richard W. Wieking, Clerk**

                                                                          **By:   /s/JW Chambers**
                                                                                **Melissa Peralta**
                                                                                **Courtroom Deputy**

Order of Dismissal
P:\PRO-SE\SJ.Jw\HC.04\morris1769dismissal.wpd